Alexander Salottolo, J.
The issue as to the construction of the policy issued by defendant in respect to the covered expenses for which the defendant may be liable to the plaintiff has been submitted to the the court.
The plaintiff contends that expenses for medical treatment by a doctor, travel expenses to the hospital for both the child and the supervising parent, hotel expenses for the supervising parent, various but unexplained expenses of Dr. Stahl in Toronto, expenses or fees for Dr. Sorrell in New York, and taxis and miscellaneous expenses are covered by the policy in issue.
The defendant concedes that the hospital expenses of Toronto General Hospital, nursing expenses, anaesthesia, crutches and X-ray expenses by Dr. Singleton in Toronto are the only items covered by the policy. Furthermore, the defendant alleges that hospital expenses are covered to a maximum of $30 a day for 11 days.
The plaintiff, a doctor, secured a group policy as a member of the Medical Society of the County of Queens, Inc.
The policy is entitled “ Professional Major Medical Expense Policy”. The application for the policy gives a choice of “ Major Hospital Expense Plan ” or “ Major Medical Expense Plan”. The plaintiff marked the box for “ Major Medical Expense Plan ”.
*543 Part V of the policy reads as follows:

Covered Expenses

“ Covered Expenses ” as used in the policy shall mean the reasonable and necessary expenses actually charged to the Covered Person for treatment, services and supplies as recommended by the attending legally qualified physician or surgeon (other than himself), (contd) and such charges are the regular and customary charges in respect to price for such treatments, services and supplies, as hereunder described and subject to the extent modified and limited.
A. Covered Expenses shall include:
(1) For Daily Hospital Room and Board — the charge for the room and board for ward, or semi-private room in a lawfully operated hospital; however, in the event the Covered Person is confined in a hospital private room, the charge for such private room, but not to exceed the Hospital Private Room Daily Rate Benefit stated in the Schedule;
(2) For Miscellaneous Hospital Services - — the charge for such services, except services not directly related to the treatment of the Covered Person;
(3) For Professional Nurse Service — the charge for necessary special nursing services recommended and prescribed by the attending physician or surgeon and rendered by a registered graduate nurse, but excluding nurse services as rendered by a member of the Insured’s family or a close relative of the Insured;
(4) For Services and Supplies — the charge for
(a) drugs and medicines required and prepared from a physician’s or surgeon’s prescription,
(b) laboratory and x-ray services, including x-ray and radium treatment,
(e) anaesthesia, oxygen, blood plasma and surgical dressings,
(d) rental of iron lung,
(e) artificial limbs and eyes, casts, splints, trusses, braces and crutches,
(f) local professional ambulance transportation to and from hospital, other than for hospital outpatient treatment.
B. Excluded expenses are:
(1) For dental x-ray, eye examinations for correction of vision or fitting of glasses, or furnishing or replacement of hearing aids;
(2) For cosmetic surgery, unless the condition to be treated is a result of “ such injury ” sustained while the insurance of the Covered Person is in force, but not the expenses for physician or surgeon services;
(3) For medical examinations not connected with the care and treatment of “such injury” or “such sickness”;
(4) For or in connection with the treatment of alcoholism or narcotic addiction;
(5) For congenital defects which pre-exist the effective date of the insurance of the Covered Person unless Covered Expenses for such congenital defects are incurred more than three (3) years from the effective date of the insurance of the Covered Person, except that children, born while the mother’s insurance under this policy is in *544 force, are covered for Covered Expenses resulting from congenital defects only from date of birth;
(6) For mental disorders, except when hospital confined in other than a Municipal, County, State or Federal controlled or operated hospital.
The major issue is whether subdivision A of part V limits the covered expenses to the items in the enumerated paragraphs (1) to (4).
Section 250 of the Insurance Law is the basic legislation for the type of policy obtained by the plaintiff.
Section 250 of the Insurance Law provides in part the following: ‘ ‘ Medical expense indemnity shall consist of reimbursement for medical care provided through duly licensed physicians, dental care provided through duly licensed dentists, podiatrical care provided through duly licensed podiatrists, physical therapy care provided through duly licensed physical therapists upon the prescription of a physician, for nursing service and of furnishing necessary appliances, drugs, medicines and supplies and, in addition, may consist of reimbursement for bio-analytical or clinical laboratory examinations and reports thereof reported to a physician, osteopath, dentist, podiatrist or physical therapist made by any privately operated bio-analytical or clinical laboratory. * * * Hospital service shall consist of hospital care provided through a hospital which is maintained by the state or any of its political subdivisions, or maintained by a corporation organized for hospital purposes under the law of this state, or such other hospitals as shall be designated by the state department of social welfare, and hospitals of other states subject to the supervision of such other state, convalescent care provided by any convalescent institution, or nursing care provided by any nursing home. A hospital service corporation may also provide reimbursement for expenses incurred outside of the hospital, convalescent institution or nursing home, for nursing service, necessary appliances, drugs, medicines, supplies, and any other services which would have been available in the hospital, convalescent institution or nursing home (excluding physicians’ services), whether or not provided through a hospital, convalescent institution or nursing home. A hospital service corporation may also furnish reimbursement for ambulance service expenses. * * * Subject to the provisions of the preceding paragraph a hospital service corporation and a medical expense indemnity corporation and a dental expense indemnity corporation or any two of such corporations may issue a combined contract providing for hospital care, medical expense indemnity or dental expense indemnity, but no one of such corporations shall issue any such combined contract. Any one of *545 such corporations may act as agent for the other without being required to obtain a license as an agent under article six. ’ ’
The Attorney-General in an opinion rendered in 1948 stated the following: ‘ ‘ The distinction between the hospital plan and the medical expense indemnity plan is that under the hospital plan the contract is between the participating hospitals and the hospital service corporation on the one hand and the subscriber and the hospital service corporation on the other, whereas under the medical expense indemnity plan the contract is between the participating practicing physicians and the medical expense corporations on the one hand and the subscriber and the medical expense corporation on the other. To demonstrate, * * * an individual may subscribe to a hospital plan and also to a medical plan. In fact, one contract may cover a hospital plan, medical expense indemnity plan and dental expense indemnity plan (Insurance Law § 250). Assuming a subscriber to a hospital plan and also to a medical expense indemnity plan were hospitalized, the hospital service corporation would indemnify him for charges made by the hospital. The medical plan would indemnify him for his private physician’s and/or surgeon’s bills. For example, it is common knowledge that frequently the hospital anaesthetist is not used but a private anaesthetist is engaged instead. In such a situation, the hospital service plan would not cover the anaesthetist. The medical expense indemnity plan might cover him. If the hospital anaesthetist were used, the hospital service plan would cover him. The medical expense indemnity plan would not. It might further be pointed out that the medical expense indemnity plan covers the services of the physician whether he attends the patient at the patient’s home, at the physician’s office or at a hospital.” (1948 Atty. Gen. 183, 185.)
In a 1952 opinion by the Attorney-General, he stated that the terms ‘ ‘ medical expense indemnity” and “dental expense indemnity ’ ’ are defined to mean reimbursement for medical or dental care through duly licensed doctors or dentists as the ease may be (1952 Atty. Gen. 150, 152).
It is clear that the policy in issue is a medical expense policy which covers reimbursement for doctors ’ fees.
The insurer clearly gave the plaintiff a choice of a hospital expense plan or a medical expense plan. The plaintiff chose the medical expense plan. The definition of medical expense indemnity in section 250 of the Insurance Law must be read into this policy. The plaintiff is not limited by subdivision A of part V of the policy.
*546 There is nothing in the policy or in section 250 of Insurance Law which covers travel expenses to the hospital, hotel expenses, taxis, miscellaneous expenses as stated in plaintiff’s item 6 of the stipulation, New York Central Railroad fares and taxis. Therefore, said items are disallowed as not being covered by the policy.
The expenses for medical treatment by the doctors are covered by the policy.
By letter dated May 24, 1965, defendant’s counsel has conceded that the “ Covered Expenses ” were incurred as the result of sickness and not a congenital condition.
Accordingly, the action is set down for an assessment on June 21,1965. Judgment shall then be entered in favor of the plaintiff and against the defendant for the amount found upon the assessment.
Let a copy of this order be served upon the Calendar Clerk without undue delay.